**Michael M. KAM**

v.

**SOUTH AFRICAN AIRWAYS.**

Civ. A. No. 86–5861.

United States District Court, E.D. Pennsylvania.

Oct. 28, 1986.

Michael M. Kam, pro se.

Daniel P. Carter, West Chester, Pa., for defendant South African Airways.

### MEMORANDUM AND ORDER

KATZ, District Judge.

South African Airways has filed a petition to remove to this Court a Philadelphia Municipal Court action where plaintiff got a judgment for unused airline coupons. Plaintiff, *pro se*, has filed a petition opposing removal.  Plaintiff claims:

> "South African Airways has been denied landing rights in the United States of America, by virtue of sanctions imposed by Congress.  Plaintiff fears that South African Airways may soon have no offices or assets anywhere in the United

States of America to enable the plaintiff to enforce the judgment granted in his favor by the Municipal Court."

The basis for removal is that defendant is an instrumentality of a foreign state. 28 U.S.C.A. § 1441(d) (1982); 28 U.S.C.A. § 1603(a) (1982). Where this statutory basis of removal applies, the thirty day time limit for removal "after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based ..." may be extended "for cause shown." 28 U.S.C.A. § 1441(d) (1982); 28 U.S.C.A. § 1446 (1982).

Defendant claims service was not perfected on a foreign state as required by statute. 28 U.S.C.A. § 1608(b) (1982). Plaintiff effected service by certified mail of the complaint to defendant's New York office. As Professor Moore points out, the removal statute was revised in 1949 to make the thirty day time period for removal run "from the receipt by the defendant of the *initial pleading* through service or in some other manner." 1A *Moore's Federal Practice* 578.

Defendant did receive an initial pleading complaining:

"On April 21, 1980, South African Airways London issued me with air travel coupons for travel Philadelphia to New York ... to Johannesbourg ... to New York ... to Philadelphia at a cost of $1882.00 The coupons were not used. But despite continuous effort over the last 5 years, South African Airways refused to refund the cost to me or to revalidate the coupons so they can be used. During this entire period I have lived in Philadelphia. As a result I have suffered damages of $1882.00, interest and costs."

The only remaining question is whether South African Airways has shown cause for its failure to observe the thirty-day time limit for removal. It has not. At the latest, defendant had notice of the initial pleading by July 17, 1986, based on the testimony at the hearing. Defendant filed a petition to open the Municipal Court judgment on August 18, 1986. It did not petition for removal to this Court until October 6, 1986. The summons accompanying the initial pleading fixed a Municipal Court hearing date of July 18, 1986. Defendant made a decision to litigate its petition to open the judgment in Municipal Court, after what appears to be some correspondence with a Municipal Court Judge. Only when the Municipal Court denied that petition did defendant decide to seek this forum. That is too late. No cause has been shown to extend the thirty day period for removal. No cause arises from the correspondence between counsel and the Municipal Court Judge. The need here is to prevent forum shopping. Defendant has appealed the Municipal Court judgment to Common Pleas Court.

For the reasons above, this case goes back to State Court where it belongs.